NELSE MORTENSEN & CO., Inc.,
Plaintiff,

v.

UNITED STATES of America and Washington Water Power Company,
Defendants.

UNITED STATES of America,
Third Party Plaintiff,

v.

John R. CULLER et al., Third Party
Defendants.

Civ. No. 3028.

United States District Court
E. D. Washington, N. D.

Oct. 28, 1969.

Lyle L. Iversen, Lycette, Diamond & Sylvester, Seattle, Wash., for Nelse Mortensen & Co., Inc.

Dean C. Smith, U. S. Atty., and Carroll D. Gray, Asst. U. S. Atty., Spokane, Wash., for United States.

Curtis L. Shoemaker, Paine, Lowe, Coffin, Herman & O'Kelly, Spokane, Wash., for Washington Water Power Co.

## NARRATIVE ORDER FIXING INTEREST ON JUDGMENT

EAST,* Senior District Judge.

For a detailed recital of the progress of these proceedings, and the premise of the judgment in favor of the defendant Washington Water Power (Power) against Plaintiff, see the Court's Opinion standing as the Court's Findings of Facts and Conclusions of Law entered herein on July 1, 1969. 301 F.Supp. 635 (Opinion).

Briefly, while Plaintiff as general contractor was doing excavation work in the course of the construction of a building for the Defendant, United States of America (Government), Power's underground high tension electrical conduit was inadvertently, as distinguished from intentionally, fractured (accident) with a resulting cost and expense to Power for repairs exceeding $10,000. Power counter-claimed in Plaintiff's Tucker Act action herein against the Government seeking from Plaintiff the cost and expense aforesaid. The Court tried Power's counter-claim on the theory of its third party beneficiary rights under the construction contract,[1]  and during

---

* U. S. Senior District Judge for the District of Oregon on designation to the Eastern District of Washington.

1. Section 7–03, subparagraphs g. and h. provide, inter alia:

"g. Adjacent * * * utilities * * * should be protected during excavation work. The Contractor shall provide sheet piling or other means of shoring as required to protect facilities adjacent to the site and shall be responsible for

the trial orally granted summary judgment in favor of Power against the Plaintiff for $10,268.81.

Power has tendered a written judgment for that amount "plus interest at the rate of 6% per annum from November 19, 1965", the date of the accident, with notice to the Plaintiff.

Suffice, we are to be guided by the State of Washington contract-law judicial construction of R.C.W. 4.56.110, providing "that all judgments, other than those founded on written contracts, will bear interest at the rate of six percent (6%) per annum."

■ Chapter 46, Regular Session of the State of Washington Legislature, amended Sec. 4.56.110 by raising the rate of interest to eight percent (8%), effective June 12, 1969. I do not take it that Chapter 46 has retroactive effect.

Going first to the modern trend of general law as to pre-judgment date interest, 22 Am.Jur.2d Damages, Sec. 186 advises us:

> "The rule that interest is not allowed on unliquidated damages in cases based upon contracts, express or implied, has been modified, and the more liberal view now prevails that interest will be allowed as damages where the demand, although unliquidated, is of such a nature that the amount is capable of ascertainment by mere computation, or can be established with reasonable certainty, or determined by reference to well-established market values."

As to State of Washington law we are taught by Prier v. Refrigeration Engineering Company, 74 Wash.Dec.2d 25, 442 P.2d 621 (1968), leaning on the prophecy and "sense of justice" of an 1899 Wisconsin decision:

> " 'It may be safely said that the tendency has been in favor of allowing

interest rather than against it, and that the degree of certainty or ease with which the approximate amount can be ascertained has grown less and less stringent. * * *

> " 'The true principle, which is based on the sense of justice in the business community and on our statute, is that he who retains money which he ought to pay to another should be charged interest upon it. *The difficulty is that it cannot well be said one ought to pay money, unless he can ascertain how much he ought to pay with reasonable exactness. Mere difference of opinion as to amount is, however, no more a reason to excuse him from interest than difference of opinion whether he legally ought to pay at all, which has never been held an excuse.' "
> (Emphasis original) (74 Wash.Dec.2d at 33–34, 442 P.2d at 627)

And further, by Caterpillar Tractor v. Collins Machinery Co., 286 F.2d 446 (9 Cir. 1960) that:

> "Under Washington law interest is allowed on all claims that are liquidated or readily ascertainable by mathematical computations or by reference to standards prescribed in the contract—in other words where it is not necessary to rely upon opinion or discretion."

It is certainly true that the amount of Power's damages are unliquidated from the time of Plaintiff's negligent fracturing of the conduit until summary judgment was entered in open court upon counsel's stipulation as to necessity and reasonableness of cost and expense of repairs.

Prior to completion of the repairs the amount of Power's damage was left to its unilateral efforts and discretion as to when, how and the extent of repairs, subject only to a later test of necessity and reasonableness.

---

any damage to these existing facilities including * * * all existing utilities."
"h. Existing utility lines to remain and

* * * if damaged shall be repaired at Contractor's expense * * *"

I think Power's claim became "reasonably ascertainable", as to the total amount, between the parties on the date of Power's invoice (Tr. Ex. # D–E —145 & 146) for cost of repairs, viz., August 23, 1966,[2] and conclude Power's judgment should bear interest at the rate of six percent (6%) per annum from August 23, 1966 until June 12, 1969, and at the rate of· eight (8%) percent thereafter.[3]

I quote from Power's brief:

"(Prier, supra) noted that considerably prior to the judgment, the repairs (to an ice arena) had been completed and evidence was available which furnished data making possible the computation of the cost of repairs with exactness and without reliance on opinion or discretion. Similarly in the case now before this court, (Power) completed the repairs necessary to continue service within several months following the date of the accident on November 19, 1965 * * *, the formal invoice, * * * is dated August 23, 1966 and sets forth, to the penny, the exact amount required to repair the damage done by (Plaintiff)."

" * * * Prier, supra, * * * (further) notes that: " 'At no time after this date * * * (the date the evidence was available) does it appear that the parties seriously disputed either the necessity for the modifications or the costs involved.' " (74 Wash.Dec.2d at 34).

"The same situation prevails in the instant case. Subsequent to the time these repairs were made by * * * Power * * *, the figures were at all times available to (Plaintiff). However, at no time prior to the trial was there any serious dispute regarding the repairs that were done by * * * Power, and it was stipulated at the time of the trial that these amounts were reasonable."

Counsel for Power is requested to submit judgment order in conformity with the above conclusion.

---

2. Facts here are distinguishable from Soderhamn Machine Manufacturing Company v. Martin Bros., etc. 415 F.2d 1058, Court of Appeals, Ninth Circuit, September 18, 1969.

3. "The right to recover prejudgment interest was not affected by (Power's) failure to demand interest in its federal pleadings". Soderhamn, supra, p. 1064.